## Kinsel v. Kelly, Appellant.

*Deeds—Reformation—Evidence—Discretion of Chancellor.*

In a suit in equity to reform a deed and correct the description of the eastern boundary line, the defendant admitted that the deed as drawn was incorrect. In deciding where the line should run the Chancellor was properly guided by the acts and conduct of the parties themselves; and where the evidence established that a clearly defined line had been acquiesced in for five years, supplemented by definite monuments on the ground, a decree will be sustained.

Argued April 28, 1927. Appeal No. 134, April T., 1927, by defendant from decree of C. P. Allegheny County, January T., 1926, No. 951, in the case of Eugene Kinsel v. Mark Kelly. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity to reform a deed. Before MOORE, J.

The facts are stated in the opinion of the Superior Court.

The Court entered the following decree:

"And now, October 21st, 1926, it is ordered that the deed of general warranty from Eugene Kinsel, plaintiff, and Agnes Kinsel, his wife, now deceased, to Mark Kelly, defendant, dated September 9, 1919, and of record in the office of the Recorder of Deeds of Allegheny County, Pennsylvania, in Deed Book Volume 2021, page 556, shall be reformed to comply with the intention of the parties to said deed, so that the description of the land conveyed by said deed shall read:

All that certain lot or piece of land situate in the Fourth Ward of the Borough of Braddock, County of Allegheny and State of Pennsylvania, being a part of lots Nos. Eight (8), Nine (9) and Ten (10) in the plan of lots laid out by George C. Maxwell, as recorded in the Recorder's Office of Allegheny County in Plan Book Volume 16 at page 125, and bounded and described as follows, to wit:

'Beginning on the northerly line of Camp Avenue as shown in said plan at a point distant by said line of Camp Avenue, Fifty-six and Seventy-eight hundredths (56.78) feet westwardly from the point of its intersection with the westerly line of Fifth Street; thence westwardly along said line of Camp Avenue, a distance of Thirty-six and

Twenty-two hundredths (36.22) feet to a point; thence northwardly by line parallel with said line of Fifth Street, and distant Ninety-three (93) feet therefrom a distance of Fifty (50) feet to a point; thence eastwardly by line parallel with the said northerly line of Camp Avenue and Fifty (50) feet northwardly therefrom a distance of Thirty-six and Twenty-two hundredths (36.22) feet to a point; thence southwardly by line parallel with said westerly line of Fifth Street and Fifty-six and Seventy-eight hundredths (56.78) feet therefrom a distance of Fifty (50) feet to the point of beginning.

Being the northwesterly portion of that certain land which Peter J. Simon, et ux., conveyed to the parties of the first part hereto by deed dated August 12, 1918, and recorded in Deed Book, Volume 1922, at page 530.'

The costs of this proceeding shall be equally divided between the plaintiff and defendant.''

Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*Horace Thomas, Sr.,* and with him *Horace Thomas, Jr.,* for appellant.

*William B. Paul,* and with him *William K. Johnson* of *Johnson & Paul,* for appellee.

OPINION BY KELLER, J., July 8, 1927:

Plaintiff filed this bill in equity to reform a deed which he and his wife (since dead) had executed and delivered, as tenants by entireties, to the defendant. The deed, which was intended to convey to defendant the rear portion of plaintiff's corner lot, was so drawn

as to include land on which part of plaintiff's dwelling stood.

Defendant in his answer denied there was any mistake to be reformed, but in his testimony he admitted it was not the intention of the parties that the south line of his lot should pass through the plaintiff's house.

The mistake being thus admitted, the question to be decided by the chancellor was, where should the true line be located. In arriving at a solution the chancellor was guided largely by the acts and conduct of the defendant himself. Immediately north of plaintiff's house, at the time the deed was executed, was a brick walk leading east from Camp Avenue by which he and his wife gained entrance to the rear of their house. This walk the defendant did not disturb or make use of; but he built a house on the extreme north end of his lot, and immediately north of the brick walk he planted a hedge, which served as an apparent division line between the lots, and he laid a cement walk north of the hedge to his own back door. Each party used only the walk leading to his own door. This construction of the intention of the parties was acquiesced in for four or five years without objection on the part of either until the plaintiff, following the death of his wife, who was defendant's sister, married again and some ill feeling sprang up between him and the defendant and the latter then, for the first time, claimed that his deed gave him title to the land on which the rear of plaintiff's house was built; when plaintiff immediately took steps looking to its reformation.

We are not convinced that the court erred in deciding that the defendant had thus indicated the northern boundary of the brick walk as the true dividing line between the properties. The evidence in the case was not voluminous, but starting, as we must, with the admission that the width of the lot along Camp Avenue, as contained in the deed, was a mistake, how

better could the real intent of the parties be ascertained than by reference to the monuments on the ground at the time of the conveyance, viz., the plaintiff's house with its back door opening on the brick walk, and those placed on the land by the defendant himself, viz., the hedge fence acting as a division line between the lots and the cement walk constructed for access to the rear of his house? There was nothing in the evidence that would lead to the conclusion that any interference with the plaintiff's use of his house as it was enjoyed prior to the sale of the rear of his lot was contemplated. On the other hand the defendant's own acts justify the following conclusion of the learned court below: ''Nothing more convincing can be found in the testimony, nor can any more practical deduction be drawn from the evidence, as to the real intention of the parties to this conveyance, than that such self-constructed monuments of the defendant clearly established the intended dividing line between their respective properties.''

Such being the case the defendant is in full posession of all that it was intended he should have and no basis exists for compensating him in damages.

The assignments of error are overruled and the decree of the court below is affirmed. The costs of this appeal to be paid by appellant.